# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KAREN TROYER, WIFE OF/AND STEPHEN CARAWAY | * * * | CIVIL ACTION |
| VERSUS | * * | NO. 08-4751 |
| HEIDI KELLER, RPH, CVS PHARMACY, INC., AND TEVA PHARMACEUTICALS USA, AND/OR IVAX CORPORATION | * * * | SECTION "L" |

## ORDER & REASONS

Before the Court is Plaintiffs' Motion to Remand and for Costs and Expenses, including Attorney's Fees, pursuant to 28 U.S.C. § 1447 (Rec. Doc. No. 4). For the following reasons, the Motion to Remand is GRANTED, but the request for costs incurred as a result of the removal is DENIED.

## I. BACKGROUND

In the fall of 2006, Dr. Jaime Bustamante prescribed Quinine Sulfate to Plaintiff Karen Troyer for the treatment of noctural leg cramps. Troyer took the Quinine Sulfate as prescribed from the fall of 2006 until approximately January 2007. On January 20, 2007, Defendant Heidi Keller, a pharmacist employed by CVS Pharmacy Inc., refilled Troyer's prescription for Quinine Sulfate. On October 1, 2007, after taking the refilled Quinine Sulfate, Troyer suffered from liver and kidney failure and was diagnosed with Quinine induced Thrombocytopenia Purpura.

On September 22, 2008, Plaintiffs Karen Troyer and Stephen Caraway filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson against Defendants Heidi Keller, RPH, CVS Pharmacy, Inc., and Teva Pharmaceuticals USA and/or Ivax Corp. (Rec. Doc. No. 1). Plaintiffs seek damages arising from the Defendants' alleged negligence relating to

Troyer's taking of the prescription drug Quinine Sulfate and her subsequent kidney and liver failure. Defendant Heidi Keller is a pharmacist who allegedly dispensed Quinine Sulfate to one of the Plaintiffs. Specifically, Plaintiffs allege that Defendant Keller was negligent for refilling Troyer's Quinine Sulfate prescription which was prescribed for nocturnal legs cramps after the FDA warned against and prohibited such use of the drug, and for failing to warn Keller of the dangers of the drug's use for nocturnal leg cramps. Plaintiffs have brought Defendant CVS Pharmacy, Inc., into the suit under the theory of respondeat superior for the alleged negligence of Keller as its employee and/or agent. Additionally, Plaintiffs filed suit against Defendants Teva Pharmaceuticals USA and/or Ivax Corporation as the manufacturers of Quinine Sulfate.

Plaintiffs are both residents of Louisiana. Defendant Keller is also a resident of Louisiana. However, Defendants CVS Pharmacy Inc. and Teva Pharmaceuticals USA and/or Ivax Corp. are non-resident corporations.

On October 28, 2008, Defendants Teva Pharmaceuticals USA and/or Ivax Corporation removed the instant case to this Court (Rec. Doc. No. 1). Defendants based their removal on grounds that no properly-joined defendant resides in Louisiana where the action was brought. Defendants allege that Plaintiffs have fraudulently joined Keller, the sole Louisiana defendant, in order to defeat diversity jurisdiction.

## II. PRESENT MOTION

Plaintiffs bring the instant Motion arguing that Keller, the sole non-diverse defendant, is a proper party to the case because, under Louisiana law, Keller breached her duty as a pharmacist regarding her refill of Troyer's Quinine Sulfate prescription; accordingly, the case was properly brought in state court and should be remanded. Specifically, Plaintiffs argue that at the time Keller refilled Troyer's prescription there existed an obvious FDA warning against

using the drug to treat legs cramps, the exact ailment for which the drug had been prescribed, yet Keller did not inform Troyer of the warning and refilled the prescription. Plaintiffs additionally allege that Defendants relied upon an erroneous statement of law to support their removal and thus are liable for costs.

Defendants counter that Plaintiffs have no reasonable possibility of prevailing in their claims against Keller; therefore, Keller, the sole non-diverse defendant, is not a proper party to the instant case and the case should remain in this Court on diversity grounds. Specifically, Defendants contend that Keller did not, as a pharmacist, have a legal duty to warn Troyer of the side effects associated with Quinine Sulfate since it was dispensed pursuant to a lawful prescription and because Keller did not have such a duty, she can not be held liable for failing to warn Troyer. Additionally, Defendants argue that Defendant CVS Pharmacy Inc. should be dropped from the suit since its agent and/or employee Keller is not a proper party.

## III. LAW & ANALYSIS

### A. Fraudulent Joinder

Diversity jurisdiction under 28 U.S.C. § 1332 exists where the mater in controversy exceeds $75,000 and there is complete diversity of citizenship. The parties in the instant case do not dispute that the Plaintiffs' claims put more than $75,000 in dispute. In dispute, however, is whether the defendant pharmacist, Heidi Keller, a resident of Louisiana, defeats complete diversity of citizenship since the Plaintiffs are also both residents of Louisiana. In order to establish diversity jurisdiction, defendants bear "the heavy burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). Defendants can sustain this burden "either by showing that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no

possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendant in state court." *Id.* At issue in the instant case is the latter inquiry. To satisfy the standard for fraudulent joinder, defendants must show that there is "no reasonable possibility" that plaintiffs will be able to establish a cause of action against the non-diverse defendant in state court under Louisiana law. *Stanley v. Wyeth, Inc.*, 2006 WL 2588147, *3 (E.D. La. 2006)(citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995)). "The Court has to evaluate all facts in the light most favorable to plaintiffs and resolve all contested issues of controlling substantive law in plaintiffs' favor." *Id.*

Under Louisiana law, it is clear that a pharmacist has a personal duty to his or her customers. *Aucoin v. Vicknair*, 1997 WL 539889, *2-3 (E.D. La. 1997). However, there exists a "paucity of jurisprudence" on exactly what this duty entails. *Stanley*, 2006 WL 2588147 at *4. The Louisiana Supreme Court has yet to address the issue. *See Leblanc v. Wyeth, Inc.*, 495 F.Supp.2d 609, 615 (W.D. La. 2007). In *Guillory v. Dr. X*, 96-85, p. 10 (La. App. 3 Cir. 8/28/96), 679 So.2d 1004, 1010, an often-cited case which does discuss a pharmacist's duty to the customer, the court described the Louisiana law as follows:

> A pharmacist has a duty to fill a prescription correctly and to warn the patient or to notify the prescribing physician of an excessive dosage or of obvious inadequacies on the face of the prescription which create a substantial risk of harm to the patient. *Hayes v. Travelers Ins. Co.*, 609 So.2d 1084 (La.App. 2 Cir. 1992), *writ denied*, 613 So.2d 975 (La. 1993); *Hendricks v. Charity Hospital of New Orleans*, 519 So.2d 163 (La.App. 4 Cir. 19870. 'The pharmacist does not, however, have a duty to question a judgment made by the physician as to the propriety of a prescription or to warn customers of the hazardous side effects associated with a drug, either orally or by way of the manufacturer's package insert.' *Gassen v. East Jefferson Hospital*, 628 So.2d 256, 259 (La.App, 5 Cir. 1993)(quoting *McKee v. American Home Products Corp.*, 113 Wash.2d 701, 782 P.2d 1045, 1055-56 (1989)).

In *Stanley v. Wyeth, Inc.*, 2006 WL 2588147 (E.D. La. 2006), this Court addressed a pharmacist's duty to his customers in the context of a fraudulent joinder claim. In *Stanley*, the

plaintiffs alleged that a non-diverse pharmacist was liable for violating an FDA requirement that pharmacists include the "Patient Insert" with the dispensed prescription. *Id*. at *1. This Court held, although it determined that there was "a good chance that plaintiffs' claim against the pharmacist would fail under Louisiana law," that there was "at least an arguably reasonable basis" the claim would succeed, therefore the pharmacist had not been fraudulently joined in the case. *Id*. at *4. This Court noted in making its decision that whether the pharmacist had breached her duty was a "question of fact and law, to be resolved in plaintiffs favor at this stage [of the proceeding]." *Id*.

In the instant case, the Plaintiffs contend that the prescription contained an obvious inadequacy on its face, which triggered the pharmacist's duty to warn. The Plaintiffs have provided this Court with a copy of Troyer's Patient Prescription Information which shows that Keller refilled Troyer's prescription of Quinine Sulfate "as needed for cramps in legs" and a warning below stating "[t]he U.S. Food and Drug Administration (FDA) warns that quinine should not be used to treat leg cramps. It has not been shown to work for this use and may cause serious side effects." (Pl. Ex. A). In light of the fact that the sparse jurisprudence on a pharmacist's duty has not addressed this specific situation and that under a fraudulent joinder removal case the defendant has the heavy burden of proving that there is no possibility of recovery under state law, questions of fact remain. The facts are such that the Court cannot conclude that there is no chance of liability. This Court is not the proper venue for determining such questions, and thus, the fraudulent joinder issue must be resolved in favor of the possible claim. Accordingly, the pharmacist cannot be ruled out as a proper party and complete diversity is lacking.

    B.    Costs

Regarding Plaintiffs' request for payment of costs and expenses, including attorney fees, under 28 U.S.C. § 1447(c), such an award is committed to the discretion of the court. While 28 U.S.C § 1447(c) does not indicate how a court is to exercise its discretion in deciding whether to award costs and expenses, the Fifth Circuit Court of Appeals holds that the propriety of the Defendant's removal is central to this determination. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir.1993). In particular, the court should consider the "weakness" of the removal question. *Id.* In this case Defendants offered a persuasive and meritorious argument, even though unsuccessful, as to how they fulfilled the requirements of 28 U.S.C. § 1446(b). Furthermore, the Court does not find that the removal by Defendants was frivolous or in bad faith. According the Plaintiffs' request for costs and expenses is DENIED.

IV. **CONCLUSION**

For the foregoing reasons, the Plaintiffs' Motion for Remand is GRANTED. IT IS ORDERED that the case be REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Plaintiffs' request for payment of all costs and any actual expenses, including reasonable attorney fees, incurred as a result of the removal is DENIED.

New Orleans, Louisiana, this 20th day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE